**Opinion issued October 29, 2019.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00572-CV

———————————

**CAROLYN R.  DAWSON, Appellant**

**V.**

**KEVIN PAKENHAM, Appellee**

---

**On Appeal from the County Court at Law No. 1**
**Fort Bend County, Texas**
**Trial Court Case No. 19-CCV-064653**

---

## MEMORANDUM OPINION

In this forcible-detainer action, appellant, Carolyn R. Dawson, appeals from

the trial court's judgment of possession in favor of appellee, Kevin James

Pakenham.  On September 27, 2019, appellee filed a motion to dismiss appellant's

appeal as moot, stating that appellant vacated the property at issue on August 12, 2019, and that appellee is in possession of the property.

In a forcible-detainer action, "the only issue [is] the right to actual possession of the premises, and the merits of title shall not be adjudicated." *Wilhelm v. Fed. Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768–69 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing TEX. R. CIV. P. 746; *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 786–87 (Tex. 2006)). An appeal from a forcible-detainer action becomes moot if the appellant is no longer in possession of the property, unless the appellant holds and asserts "a potentially meritorious claim of right to current, actual possession" of the property. *Marshall*, 198 S.W.3d at 787; *see also Wilhelm*, 349 S.W.3d at 768; *Gallien v. Fed. Home Loan Mortg. Corp.*, No. 01-07-00075-CV, 2008 WL 4670465, at *2–4 (Tex. App.—Houston [1st Dist.] Oct. 23, 2008, pet. dism'd w.o.j.); *Jackson v. Wells Fargo Bank, N.A.*, No. 14-19-00303-CV, 2019 WL 3956185, at *2 Tex. App.—Houston [14th Dist.] Aug. 22, 2019, no pet. h.).

Appellant has not filed a response to appellee's motion to dismiss. As such, she has failed to assert a potentially meritorious claim of right to current, actual possession of the property. *See Rady v. CitiMortgage, Inc.*, No. 03-11-00734-CV, 2012 WL 753128, at *1 (Tex. App.—Austin March 9, 2012, no pet.); *Holton v. Green Tree Servicing LLC*, No. 13-12-00507-CV, 2013 WL 126219, at *1 (Tex.

App.—Corpus Christi Jan. 10, 2013, no pet.). Given that appellant is no longer in possession of the premises, and because she has not asserted a potentially meritorious claim of right to current, actual possession, her appeal is moot. *See Wilhelm*, 349 S.W.3d at 769 (citing *Marshall,* 198 S.W.3d at 787; *Gallien,* 2008 WL 4670465, at *2–4).

Accordingly, we grant appellee's motion and dismiss the appeal as moot. We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Countiss.